UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK AESCHBACH, :
    Petitioner :
: CASE NO. 3:08-cr-067
v. : 3:09-cv-1771
:
UNITED STATES OF AMERICA, : (Judge Nealon)
    Respondent :

## MEMORANDUM AND ORDER

On June 5, 2008, Petitioner, Frederick Aeschbach, pled guilty to Count Two of the Indictment against him: possessing child pornography in violation of Title 18, United States Code §§2252A(a)(5)(B) and 2. See (Docs. 1, 17 & 22). On September 4, 2008, the undersigned sentenced Petitioner to seventy (70) months of imprisonment to be followed by five (5) years of supervised release. (Docs. 25 & 26).

On September 14, 2009, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel due to his counsel's failure to appeal his sentence. (Doc. 28). On October 9, 2009, Petitioner was advised of limitations upon his right to file another habeas petition in the future if his § 2255 petition is

1

FILED
SCRANTON
NOV 30 2009
PER _____
DEPUTY CLERK

ruled on by the Court and he was given an opportunity to elect to withdraw his current motion. (Doc. 35). Respondent filed a brief in opposition to the § 2255 motion on October 29, 2009, and Petitioner filed a reply brief on November 9, 2009. (Docs. 36 & 37). Petitioner's § 2255 motion is now ripe for consideration and for the following reasons will be denied.

LEGAL STANDARD

Petitioner filed the instant motion challenging his sentence under 28 U.S.C. § 2255(a), which provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255. "Generally, a district court must order an evidentiary hearing in a federal habeas case if a prisoner's § 2255 allegations raise an issue of material fact." Jackson v. United States, 2008 U.S. Dist. LEXIS 105048, *27-28 (W.D. Pa. 2008), citing United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992). However, when there is "no legally cognizable claim

or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. United States v. Costanzo, 625 F.2d 465, 470 (3d Cir. 1980). "[U]nless they are clearly frivolous on the basis of the existing record," the movant's allegations must be accepted as true when no hearing is held. Gov't. of Virgin Islands v. Bradshaw, 726 F.2d 115, 117 (3d Cir. 1984).

The petitioner bears the burden of establishing his entitlement to § 2255 relief. United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief under §2255. See United States v. Bohn, Criminal Action No. 92-61-02, 1999 U.S. Dist. LEXIS 18522, at *7 (E.D. Pa. Nov. 9, 1999) (quoting United States v. Frady, 456 U.S. 152, 166, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)).

DISCUSSION

Petitioner alleges that he instructed his counsel to appeal his sentence but that his attorney failed to do so. (Doc. 18). In its brief in opposition, Respondent contends that in his plea agreement and at the time of entering

his plea, Petitioner knowingly and voluntarily waived his right to an appeal of his sentence and Respondent requests this Court to enforce Petitioner's plea agreement and deny his petition. (Doc. 36). In his reply brief, Petitioner maintains that his waiver of his right to appeal was not knowing and voluntary and Petitioner requests that the appeal waiver portion of his plea agreement be severed. (Doc. 37, p. 2). Further, Petitioner argues that his counsel failed to consult with him about an appeal and there is nothing on the record regarding the failure to consult and, therefore, § 2255 requires an evidentiary hearing on the matter. (Doc. 37, pp. 4-5).

A claim of ineffective assistance of counsel in violation of a defendant's Sixth Amendment rights requires a showing that counsel's representation was objectively unreasonable, and second, that counsel's deficient performance was prejudicial. Solis v. United States, 252 F. 3d 289, 293 (3rd Cir. 2001)(citing Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 145 L. Ed. 2d 985, 120 S. Ct. 1029 (2000)(citing Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)). With regard to objectively reasonable representation, counsel has 'a constitutionally-imposed duty to consult with the defendant about an appeal when there is

reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfriviolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" Solis, 252 F. 3d at 293, citing Flores-Ortega, 528 U.S. at 480 (2000). "In cases where the defendant pleaded guilty, 'the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.'" Id. "[T]he analysis employed in evaluating an ineffectiveness of counsel claim does not apply when there is an appellate waiver." United States v. Mabry, 536 F. 3d 231, 241 (3d Cir. 2008). "While a defendant maybe entitled to habeas relief if his attorney ineffectively fails to file a requested appeal because it is presumed to be prejudicial under Flores-Ortega, if that same defendant has effectively waived his right to habeas, he cannot even bring such a claim unless the waiver fails to pass muster under an entirely different test: one that examines its knowing and voluntary nature and asks whether its enforcement would work a miscarriage of justice." Id.

When there is a waiver, the threshold issue becomes "the (1) knowing

and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." Mabry, 536 F. 3d at 237. "[A] defendant bears the burden of presenting an argument that would render his waiver unkowning or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice based on the record evidence before it. Id. at 237-38.

Here, Petitioner simply asserts that his appeal waiver was involuntary but sets forth no reasons for that assertion. A review of the record clearly demonstrates that Petitioner's waiver of his appeal was knowing and voluntary. In his plea agreement, Petitioner "knowingly waive(d) the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of United States v. Booker, 125 S. Ct. 738 (2005). The [Petitioner] also waive[d] the [Petitioner's] right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral

proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." (Doc. 17, ¶ 18). The Petitioner executed the Plea Agreement on May 23, 2008 directly below an acknowledgment that he has read the agreement and reviewed every part of it with his attorney and fully understands it and voluntarily enters into it. (Doc. 17, p. 16). Further, on the same date, Petitioner's counsel, Christopher J. O'Donnell, signed the agreement acknowledging that he reviewed every section with the Petitioner. (Doc. 17, p. 16).

Subsequent to the Plea Agreement being filed, on June 5, 2008, Petitioner appeared before the undersigned and withdrew his plea of not guilty and entered a plea of guilty. At that hearing, Petitioner confirmed that he and his counsel went over every paragraph in the Plea Agreement and that he understood every paragraph in the Plea Agreement. (Doc. 31, p. 7). Further, after initially informing Petitioner of his right to appeal, the Court, having become aware of the appeal waiver provision of the Plea Agreement, highlighted and read paragraph eighteen (18) of the Plea Agreement, "Appeal Waiver," and questioned the Defendant "do you understand the appeal waiver," to which Petitioner responded, "Yes Your Honor." (Doc. 31, pp.

7

15-16). After the imposition of the sentence in this matter on September 4, 2008, the undersign again noted "that [Petitioner] has waived his right to appeal the sentence in accordance with the terms of [his] plea agreement." Based on the Plea Agreement and the transcript of the Change of Plea dated June 5, 2008, it is clear from the record that Petitioner knowingly and voluntarily waived his right to appeal. Further, enforcement of the waiver would not cause a miscarriage of justice but would rather uphold a bargained for agreement between the government and Petitioner.

Petitioner requests a hearing on the matter alleging that there are factual disputes. (Doc. 37). In <u>Solis, v. United States</u>, the Third Circuit Court of Appeals held that 28 U.S.C. § 2255 makes an evidentiary hearing mandatory when a prisoner alleges he asked trial counsel to file a direct appeal and counsel failed to do so. <u>Solis</u>, 252 F. 3d at 294. In so holding, the Third Circuit Court stated:

> If Solis is correct in his claim that he requested his lawyer to appeal, counsel may have been ineffective for failing to file the appeal. We therefore hold that when a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it. However,

8

> a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous. See 28 U.S.C. § 2255; United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1465 (11th Cir. 1991) (quoting Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)), cert. denied, 503 U.S. 912 (1992), and overruled on other grounds, United States v. Giltner, 972 F.2d 1559, 1562 (11th Cir. 1992).

Id. Here, Petitioner, like in Solis, alleges that he instructed his counsel to appeal but his attorney failed to do so. (Doc. 18). While this factual dispute would normally require a hearing, one is unnecessary as any appeal taken would be patently frivolous as Petitioner waived his right to an appeal. Despite no reason or argument as to why his appeal waiver was not knowing or voluntary, in his reply brief, Petitioner argues that section 2255 requires a hearing because the record is unclear as to whether Petitioner's counsel reviewed and discussed the appeal waiver provision with Petitioner. (Doc. 37). However, as noted above, not only did Petitioner acknowledge that said provision was reviewed and explained to him by signing the Plea Agreement and confirming during the change of plea colloquy that his attorney had reviewed every paragraph of the Plea Agreement with him and explained it thoroughly to him, the undersigned read the paragraph in question to

Petitioner and he stated he understood that he was waiving his right to appeal. Because a review of the record reveals the appeal waiver was knowing and voluntary and its enforcement would produce no miscarriage of justice, a hearing on this motion is unnecessary. See Mabry, 536 F. 3d 231; Jackson, 2008 U.S. Dist. LEXIS 105048; see also United States v. Gartz, 2009 U.S. Dist. LEXIS 102535 (W.D. Pa. 2009).

CONCLUSION

The Defendant's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 will be denied.

DATE:     November 30, 2009

United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK AESCHBACH, :
    Petitioner :
 : CASE NO. 3:08-cr-067
v. :         3:09-cv-1771
 :
UNITED STATES OF AMERICA, : (Judge Nealon)
    Respondent :

## ORDER

NOW, THIS 30th DAY OF NOVEMBER, 2009, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The motion (Doc. 28) is **DENIED**;

2. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith; and

3. The Clerk of Court shall close this case.

 

_____
**United States District Judge**